


APR 1 1 2008 NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

TANYA KATES-OWENS

No. 08CR 297

Judge __________

Violation: Title 18, United States Code, Section 1341

JUDGE AMY ST. EVE

MAGISTRATE JUDGE ASHMAN

The UNITED STATES ATTORNEY charges:

1. At all times material to this information:

a. Company A was an Illinois family-owned corporation that manufactured and distributed worldwide premium personal care products. Company A maintained its headquarters, including the corporate offices, in Chicago, Illinois.

b. Defendant TANYA KATES-OWENS ("KATES-OWENS") was employed by Company A as a sales coordinator from on or about November 27, 1987, through on or about August 30, 2007. From approximately 1997 through on or about August 30, 2007, KATES-OWENS' duties included processing vendor bills and ensuring prompt payment of Company A's obligations to vendors.

c. Company A used a manual system to process vendor bills and payments for many years, until in or about 2002, when Company A began using an automated system for processing vendor bills and payments.

d. KATES-OWENS had the authority to submit requests for vendor payments by Company A, subject to approval by Individual A, the president of the company.

e. From approximately July 2001, and continuing through on and after August 30, 2007, KATES-OWENS maintained personal credit accounts at Company B and at Company C.

2. Beginning in or about July 2001 and continuing through on or about August 30, 2007, in Chicago, Illinois, in the Northern District of Illinois, Eastern Division, and elsewhere,

TANYA KATES-OWENS,

defendant herein, knowingly devised and attempted to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, which scheme is further described below.

3. It was part of the scheme that, before 2002, KATES-OWENS prepared false invoices and purchase orders requiring payments by Company A for goods and services which were in fact never provided to Company A.

4. It was further part of the scheme that, before 2002, KATES-OWENS forged Individual A's signature to fraudulently indicate approval for false purchase orders.

5. It was further part of the scheme that, before 2002, KATES-OWENS submitted false and forged documents to Company A's Accounts Payable Department, causing it to issue checks made payable to Company B and Company C for the payment of KATES-OWENS' personal expenses and not for any legitimate business expenses incurred on the part of Company A.

6. It was further part of the scheme that, beginning in 2002 and continuing through August 2007, KATES-OWENS repeatedly by electronic means submitted to Individual A falsified documentation for vendor payments to obtain Individual A's approval for such payments.

7. It was further part of the scheme that KATES-OWENS routinely accessed

Company A's electronic accounts payable system and changed, without authorization, the vendor payee name and address on invoices to the name and address of Company B or Company C.

8. It was further part of the scheme that KATES-OWENS routinely accessed Company A's electronic accounts payable system and increased, without authorization, the dollar amounts due and owing on invoices, causing Company A to make payments in large dollar amounts to Company B and Company C for KATES-OWENS' personal expenses, and not for Company A's legitimate business expenses.

9. It was further part of the scheme that KATES-OWENS also generated false purchase orders by changing Company A's invoices to add fraudulent descriptions of goods and services provided to Company A, when no such goods or services were provided to Company A. These false purchase orders then were used to generate additional payments from Company A to Company B and Company C for KATES-OWENS' personal expenses.

10. It was further part of the scheme that KATES-OWENS directed Company A's accounts payable department to return to her the checks it had issued payable to Company B and Company C, so that KATES-OWENS could add her own personal credit card account numbers to the checks prior to mailing the checks to Company B and Company C, to ensure that the checks were applied as payments for KATES-OWENS' own personal expenses.

11. It was further part of the scheme that KATES-OWENS mailed, or caused to be mailed, the fraudulently obtained checks, in envelopes addressed to Company B or Company C.

12. It was further part of the scheme that KATES-OWENS used the fraudulent payments she had caused Company A to make to Company B and Company C for her own personal benefit, and not for any legitimate purpose of Company A.

13. It was further part of the scheme that KATES-OWENS discarded and destroyed records, to cover up and conceal her scheme from Company A.

14. It was further part of the scheme that KATES-OWENS attempted to and did conceal, misrepresent, and hide the existence, purpose and acts done in furtherance of the scheme.

15. As a result of the fraudulent acts of KATES-OWENS, Company A suffered actual and intended losses in the amount of approximately $794,438, all of which the defendant misappropriated for her own benefit.

16. On or about November 3, 2006, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division,

TANYA KATES-OWENS,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Check No. 212379 made payable in the amount of $12,500.00, drawn on an account held by Company A at South Shore Bank, Chicago, Illinois, to be placed in an authorized depository for mailing, to be sent and delivered by the U.S. Postal Service, according to the directions thereon, to Company B, at P.O. Box 17036, Baltimore, Maryland, 21297;

In violation of Title 18, United States Code, Section 1341.

Patrick J. Fitzgerald
UNITED STATES ATTORNEY by Joel R. Levin