UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

APR 22 2008

APR 22 2008
JUDGE AMY ST. EVE
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 08 CR 0297 |
| vs. | ) Judge St. Eve |
| | ) |
| TANYA KATES-OWENS | ) |

## PLEA AGREEMENT

1.  This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant TANYA KATES-OWENS, and her attorney, TOMMY BREWER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.  The information in this case charges defendant with one count of mail fraud, in violation of Title 18, United States Code, Section 1341.

3.  Defendant has read the charge against her contained in the information, and that charge has been fully explained to her by her attorney.

4.  Defendant fully understands the nature and elements of the crime with which she has been charged.

### Charge to Which Defendant is Pleading Guilty

5.  By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information. The information charges defendant with devising and intending to devise a scheme and artifice to defraud, to obtain money and property by means of fraudulent

pretenses, representations, and promises, and for the purposes of executing such scheme and

artifice, placing in a post office or authorized depository for mail matter, a matter and thing

to be sent and delivered by the Postal Service, in violation of Title 18, United States Code,

Section 1341.

### Factual Basis

6.    Defendant will plead guilty because she is in fact guilty of the charge contained

in the information. In pleading guilty, defendant admits the following facts and that those

facts establish her guilt beyond a reasonable doubt:

Beginning on or about July 2001, and continuing through on or about

August 30, 2007, in the Northern District of Illinois, Eastern Division, defendant TANYA

KATES OWENS devised and intended to devise, and engaged in, a scheme and artifice to

defraud and to obtain money and property by means of materially false and fraudulent

pretenses, representations and promises, and material omissions, and for the purpose of

executing such scheme and artifice, placed in a post office or authorized depository for mail

matter, matter or things whatever to be sent or delivered by the Postal Service, in violation

of Title 18, United States Code, Section 1341.

More specifically, TANYA KATES OWENS admits that Company A

was an Illinois family-owned corporation that manufactured and distributed worldwide

premium personal care products, and maintained its headquarters, including the corporate

offices, in Chicago, Illinois. Defendant was employed by Company A as a sales coordinator

from on or about November 27, 1987 through on or about August 30, 2007. From approximately 1997 through on or about August 30, 2007, defendant's duties included processing vendor bills and ensuring prompt payment of Company A's obligations to vendors.

Company A used a manual system to process vendor bills and payments for many years, until in or about 2002, when Company A began using an automated system for processing vendor bills and payments. Under both systems, defendant had the authority to submit requests for vendor payments by Company A, subject to approval by Individual A, the president of the company.

Defendant admits that from on and before July 1, 2001 and continuing through on and after August 30, 2007, defendant maintained personal credit accounts at Company B and at Company C.

Defendant admits that it was part of the scheme that, prior to 2002, defendant prepared false invoices and purchase orders requiring payments by Company A for services and goods which were in fact never provided to Company A. Defendant also admits that during the same time frame, defendant forged Individual A's signature to indicate approval for false purchase orders, and also submitted false and forged documents to Company A's Accounts Payable Department, causing it to issue checks made payable to Company B and Company C for the payment of defendant's personal expenses and not for any legitimate business expenses incurred on the part of Company A.

3

Defendant admits that it was further part of the scheme that, beginning in or about 2002, defendant repeatedly by electronic means submitted to Individual A falsified documentation for vendor payments to obtain Individual A's approval for such payments. Defendant also routinely accessed Company A's accounts payable system and without authorization: (a) changed the vendor payee name and address on invoices to the name and address of Company B or Company C; and (b) increased the dollar amounts due and owing on invoices, causing Company A to make payments in large dollar amounts to Company B and Company C for defendant's personal expenses, and not for Company A's legitimate business expenses. Defendant also admits that during this time period, she generated false purchase orders by changing Company A's invoices to add fraudulent descriptions of goods and services provided to Company A, when no such goods or services were provided to Company A. These false purchase orders then were used to generate additional payments from Company A to Company B and Company C for defendant's personal expenses.

Defendant further admits that, as part of the scheme, she directed Company A's accounts payable department to return to her the checks it had issued payable to Company B and Company C, so that defendant could add her own personal credit card account numbers to the checks prior to mailing the checks to Company B and Company C, to ensure the checks were applied as payments for defendant's own personal expenses. Defendant then mailed, or caused to be mailed, the fraudulent checks, in envelopes addressed to Company

4

B or Company C, and used these fraudulent payments for her own personal benefit, and not for any legitimate purpose of Company A.

Defendant admits that as part of the scheme, she discarded and destroyed records, to cover up and conceal her scheme, and she attempted to and did conceal, misrepresent, and hide the existence, purpose and acts done in furtherance of the scheme.

Defendant admits that as a result of her fraudulent acts, Company A suffered actual and intended losses in the amount of approximately $794,438, all of which the defendant misappropriated for her own benefit.

Defendant also admits that on or about November 3, 2006, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, defendant, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly caused Check No. 212379 made payable in the amount of $12,500.00, drawn on an account held by Company A at South Shore Bank, Chicago, Illinois, to be placed in an authorized depository for mailing, to be sent and delivered by the U.S. Postal Service, according to the directions thereon, to Company B, at P.O. Box 17036, Baltimore, Maryland, 21297, in violation of Title 18, United States Code, Section 1341.

### Maximum Statutory Penalties

7.    Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

a.    A maximum sentence of 20 years' imprisonment.  This offense also carries a maximum fine of $250,000.  Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.    In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

8.    Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines.  Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.    For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.    **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.    **Offense Level Calculations.**

i.    Pursuant to Guideline §2B1.1(a), the base offense level for the charge in the information is 7.

6

      ii.    Pursuant to Guideline §2B1.1(b)(1)(H), the base offense level is increased by 14 levels, because the loss is more than $400,000 but not more than $1,000,000;

      iii.    Pursuant to Guideline §3B1.3, the base offense level is increased by 2 levels, because the defendant abused a position of private trust;

      iv.    Pursuant to Guideline §3C1.1, the base offense level is increased by 2 levels because the defendant willfully obstructed or impeded the administration of justice with respect to the investigation of the instant offense of conviction and the obstructive conduct related to the defendant's offense of conviction;

      v.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct.  If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

      vi.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for

acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

  c. **Criminal History Category.**  With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

  d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 22, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 41 to 51 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

  e. Defendant and her attorney and the government acknowledge that the above Guideline calculations are preliminary in nature and based on facts known to the parties as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

f.     Both parties expressly acknowledge that while none of the Guideline calculations set forth above are binding on the Court or the Probation Office, certain components of those calculations – specifically, those set forth above in subparagraph 9(b)(ii) of this paragraph – are binding on the parties, and it shall be a breach of this Plea Agreement for either party to present or advocate a position inconsistent with the agreed calculations set forth in the identified subparagraphs.

g.     Defendant understands that the Guideline calculations set forth above are non-binding predictions, upon which neither party is entitled to rely, and are not governed by Fed.R.Crim.P. 11(c)(1)(B).   Errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing.  The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines.  The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10.    The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

12.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

13.     Regarding restitution, defendant agrees that the offense to which she is pleading guilty is an offense against property that resulted in a loss of $794,438. Defendant understands that, pursuant to Title 18, United States Code, Section 3663A, the court must order restitution in that amount made payable to Company A, minus any amounts already paid back to Company A. Defendant understands that Title 18, United States Code, Section 3664 and Sections 5E1.1 and 5E1.2 of the Sentencing Guidelines set forth the factors to be weighed in setting a fine and in determining the schedule according to which restitution is to be paid in this case. Defendant agrees to provide full and truthful information to the Court and the United States Probation Officer regarding all details of her economic circumstances to determine the proper restitution schedule according to which defendant may be ordered to pay. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the court.

10

## Presentence Investigation Report/Post-Sentence Supervision

14.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of her sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

16.     For the purpose of monitoring defendant's compliance with her obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's

11

sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

17.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 297

18.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

19.    Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.    **Right to be charged by indictment.** Defendant understands that she has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members.  By signing this Agreement, defendant knowingly waives her right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that she has been prosecuted by way of information.

b.    **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

i.    The trial could be either a jury trial or a trial by the judge sitting without a jury.  Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random.  Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where

actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

        iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

        vi.    At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.   At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.  If defendant desired to do so, she could testify in her own behalf.

c.   **Appellate rights.**  Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial, and may only appeal the validity of this plea of guilty and the legality of the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

d.   Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above.  Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

## Other Terms

20.   Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

21.   Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

15

22.     Defendant understands that her compliance with each part of this Plea Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement.  Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

23.     Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

24.     Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

16

25.    Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE: ___4/17/08___


_Patrick J. Fitzgerald_ by

PATRICK J. FITZGERALD
United States Attorney

_Tanya Kates-Owens_

TANYA KATES-OWENS
Defendant


_S. Mecklenburg_

SHERI H. MECKLENBURG
Assistant U.S. Attorney

_Tommy Brewer_

TOMMY BREWER
Attorney for Defendant


17